IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

    Plaintiff,　　　　　　　　　　No. CIV S-11-3228 JAM DAD PS

  vs.

WELLS FARGO BANK, et al.,　　　　　FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        This case came before the court on May 25, 2012, for hearing on defendants' motions to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and plaintiff's motion to stay these proceedings. (Doc. Nos. 2, 16 and 23.) Adam Barasch appeared telephonically for defendants Wells Fargo Bank, NA ("Wells Fargo") and Mortgage Electronic Registrations Systems, Inc. ("MERS"). Lawrence Harris, Esq. appeared telephonically for defendant First American Trustee Servicing Solutions ("First American"), formerly known as First American Loanstar Trustee Services LLC, erroneously sued as Loanstar Trustee Services. Plaintiff Joseph Edward Marty, proceeding pro se, appeared telephonically on his own behalf.

        Upon consideration of all written materials filed in connection with the motions, arguments at the hearing, and the entire file, the undersigned recommends that defendants'

1

motions to dismiss plaintiff's complaint be granted.

BACKGROUND

On November 4, 2011, plaintiff filed an adversarial compliant in the United States Bankruptcy Court for the Eastern District of California, Case No. 11-02706. On December 6, 2011, defendants Wells Fargo and MERS filed motions to withdraw reference of adversary proceeding in Bankruptcy Court to the District Court and to dismiss plaintiff's action. (Doc. Nos. 1 and 2.) On December 8, 2011, the assigned District Judge set a hearing on those motions for February 22, 2012.[1] (Doc. No. 3.) Plaintiff filed his opposition to the motion to dismiss filed by defendants Wells Fargo and MERS on December 19, 2011. (Doc. No. 4 at 7.[2]) Defendants Wells Fargo and MERS filed their reply on February 15, 2012. (Doc. No. 8.) On February 21, 2012, plaintiff filed a sur-reply entitled "OBJECTION # 2."[3] (Doc. No. 12.)

On March 16, 2012, the assigned District Judge granted the defendants' motion to withdraw reference of the adversarial complaint and referred their motion to dismiss to the undersigned pursuant to Local Rule 302(c) (21). (Doc. No. 13.) On March 23, 2012, defendant First American filed its motion to dismiss the complaint. (Doc. No. 16.) Plaintiff filed his opposition to that motion on April 9, 2012. (Doc. No. 21.) That same day, plaintiff filed a motion to stay these proceedings. (Doc. No. 23.) On April 25, 2012, defendant First American filed its opposition to plaintiff's motion to stay (Doc. No. 31), and on April 27, 2012, filed its

/////

---

[1] On February 15, 2012, however, the assigned District Judge ordered that defendants' motions to withdraw reference of the adversarial complaint be submitted without appearance and without argument. (Doc. No. 11.)

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the court has reviewed the sur-reply and considered it in reaching its decision on the pending motion.

reply to plaintiff's opposition. (Doc. No. 33.) Defendants Wells Fargo and MERS filed an opposition to plaintiff's motion to stay on May 8, 2012. (Doc. No. 35.)

PLAINTIFF'S CLAIMS

In his complaint, plaintiff alleges as follows. He is the owner of the subject residential property located in El Dorado, California. (Compl. (Doc. No. 1-2) at 3.) On October 6, 2008, he borrowed $397,658.00 from New Line Mortgage, Div. Republic Mortgage Home Loan and executed a promissory note, secured by a Deed of Trust, thereby encumbering the property. (Id. at 3, 28-41.) The Deed of Trust was recorded with the El Dorado County Recorder's Office on October 20, 2008, and identified plaintiff as the borrower, defendant MERS as the nominee of the lender and Fidelity National Title as the trustee. (Id. at 3-4, 28.) When plaintiff defaulted on that mortgage loan, a Notice of Default and Election to sell was recorded on May 29, 2009, by defendant First American as an agent for defendant Wells Fargo. (Id. at 7, 61-62.) However, it was not until July 21, 2009, that an Assignment of Deed of Trust from defendant MERS to defendant Wells Fargo was recorded with the El Dorado County Recorder's Office. (Id. at 7, 65.) The individual who signed that Assignment of Deed of Trust as a certifying officer for defendant MERS, Chet Sconyers, was actually employed by defendant First American and not by defendant MERS. (Id. at 7.) Nonetheless, when the default was not cured, successor trustee defendant First American recorded a Notice of Trustee Sale with the El Dorado County Recorder's Office on September 3, 2009, initially setting a sale date of September 23, 2009 with respect to the subject property. (Id. at 7, 67.) On May 5, 2010, plaintiff filed a complaint in this court, "Case No.:2:10-cv-00555-GEB-DAD."[4] (Id. at 8.) On June 23, 2010, defendants "performed an unlawful foreclosure . . . without standing and without the power of sale." Id.

/////

---

[4] The court's records reflect that Case No. 2:10-cv-00555-GEB-DAD PS was opened on March 9, 2010, and that plaintiff filed an amended complaint in that case on May 14, 2010.

3

Based upon these allegations, plaintiff's complaint purports to state causes of action for declaratory judgment, fraud, estoppel, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b), quiet title, and violation of the California Business & Professions Code.[5] In terms of relief, plaintiff essentially seeks an order restoring to him unencumbered title to the subject property, restraining defendants from attempting to foreclose the property and awarding plaintiff damages, fees and costs. (Id. at 9-26.)

### LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[6] is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

---

[5] In his complaint plaintiff does not specify which section of the California Business and Professions Code defendants allegedly violated.

[6] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

I. Res Judicata

Defendants argue that the allegations found in plaintiff's complaint are barred by the doctrine of res judicata.  In support of this argument, defendants have requested that judicial notice be taken of documents filed in Joseph Edward Marty v. Wells Fargo Bank, et al., Case No. 2:10-cv-00555-GEB-DAD-PS.  (Doc. Nos. 2 and 17.)  The undersigned recommends that defendants' request for judicial notice of this court's own records be granted.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

Turning to the merits of defendants' res judicata argument, the Supreme Court has observed as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotation marks and citations omitted). Thus, "[r]es judicata bars a suit when 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Res judicata . . . applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Turtle Island Restoration Network v. U.S. Dept. of State, 673 F.3d 914, 917-18 (9th Cir. 2012) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).

In order to determine whether two suits involve "an identity of claims," the court considers four criteria: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). Whether two suits arise out of the "same transactional nucleus" depends upon "whether they are related to the same set of facts and whether they could conveniently be tried together." W. Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992) (emphasis added). Reliance on the transactional nucleus element is

/////

especially appropriate because the element is "outcome determinative."  Mpoyo, 430 F.3d at 988; see also Int'l Union v. Karr, 994 F.2d 1426, 1429-30 (9th Cir. 1993).

Here, plaintiff's complaint in this matter arises from his October 2008 purchase of the property located at 3216 Woedee Drive, in El Dorado, California, his subsequent default on the mortgage loan used to purchase that property and the resulting foreclosure.  A review of the amended complaint filed in plaintiff's earlier action, Case No. 2:10-cv-0555 GEB DAD PS, finds that the facts alleged in the two complaints are nearly identical.  Both complaints concern the same property, the same loan and the same non-judicial foreclosure.  Moreover, in the amended complaint filed in the earlier action, plaintiff alleged purported to state causes of action for estoppel, declaratory judgment, quiet title, improper conversion and alteration, slander of title and refund.  In the complaint filed in this action, the only causes of action alleged that were not alleged in plaintiff's amended complaint filed in his earlier case are those for fraud, violation of the Real Estate Settlement Procedures Act and violation of California Business & Professions Code.[7]  However, it is apparent from reading the complaint filed here that plaintiff could have

---

[7] Even if the doctrine of res judicata did not bar this action, each of these three newly alleged causes of action would fail to state cognizable claims.  First, with respect to plaintiff's fraud cause of action, when one raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Pursuant to Rule 9(b), one alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).  Second with respect to plaintiff's claim pursuant to 12 U.S.C. § 2607(b), that provision provides that a lender may not charge a borrower fees related to the mortgage other than for services actually performed.  12 U.S.C. § 2607(b); Jensen v. Quality Loan Service Corp., 702 F. Supp.2d 1183, 1194 (E.D. Cal. 2010).  However, a claim under § 2607 must be brought within a year after the "date of the occurrence of the violation . . . ."  See Brewer v. Indymac Bank, 609 F. Supp.2d 1104, 1117 (E.D. Cal. 2009).  See also 12 U.S.C. § 2614.  As noted above, plaintiff's real estate loan occurred in 2008, and thus this claim, filed in 2011, is untimely.  Finally, with respect to his claim that defendants violated California Business & Professions Code, plaintiff fails to allege what section of the Business & Professions Code defendants allegedly violated and fails to allege facts satisfying the elements of such a claim.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

brought these causes of action in his amended complaint filed in the earlier case. See United States v. Liquidators of European Federal Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011) ("[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action.") The undersigned notes that almost every factual allegation found in the complaint filed in this action took place prior to his filing of his amended complaint in his earlier filed case. Moreover, with respect to his earlier filed action, plaintiff has attempted to incorporate the claims set forth there by alleging in his present complaint:

> On or about May 5, 2010 Debtor filed a complaint into the United States Federal Court Eastern district of California. Case # Case No.:2:10-cv-00555-GEB-DAD. Further causes of actions and relief sought by Debtor against Creditors for their unlawful foreclosure of his home can be found in many documents filed in this case.
>
> ***
>
> All actions taken and all documents by Debtor filed in the U.S. Federal Court Eastern District of California case # Case No.:2:10-cv-00555-GEB-DAD and all cases relating to this original case shall be incorporated into this Adversarial Complaint in their entirety.

(Compl. (Doc. No. 1-2) at 8.)

The undersigned finds that an "identity of claims" exists because plaintiff's prior action and the instant action both "arise out of the same transactional nucleus of facts." See Frank v. United Airlines, Inc., 216 F.3d 845, 850 n. 1 (9th Cir. 2000) (internal quotation and citation omitted), cert. denied, 532 U.S. 914 (2001).

Moreover, on March 22, 2011 in Case No. 2:10-cv-0555 GEB DAD PS, the undersigned issued findings and recommendations, recommending, in relevant part, that the action be dismissed in its entirety with prejudice. Those findings and recommendations were

/////

/////

adopted in full by the District Judge assigned in that matter on May 10, 2011.[8]  The court notes that the phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "with prejudice" is an acceptable shorthand for adjudication on the merits).  See also Classic Auto Refinishing, Inc. v. Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case.").

Finally, the defendants named in this action, Wells Fargo Bank, N.A., MERS and First American, were each named as defendants in the earlier action, Case No. 2:10-cv-0555 GEB DAD PS.  Thus, there is privity between the parties in the two actions.  See Liquidators of European Federal Credit Bank, 630 F.3d at 1150.

Because all of the applicable criteria addressed above are satisfied here, plaintiff's complaint in this case is barred by the doctrine of res judicata and should therefore be dismissed.[9]

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

---

[8] In opposing defendants' motions, plaintiff asserts that "plaintiffs case was never dismissed." (Doc. No. 4 at 13.)  In this regard, plaintiff argues that the May 10, 2011, order was captioned "No. CIV S-10-0555 GEB DAD PS." (Id.)  Plaintiff argues that "No." means "no case" and that plaintiff's case was not CIV S-10-0555 GEB DAD PS, but instead 2:10-cv-00555 GEB DAD PS. (Id.)  Moreover, plaintiff argues that because there was "no court stamps" on the May 10, 2011 order, that order is "invalid." (Id.)  Plaintiff's assertions in this regard are both frivolous and incorrect.  Because the captions CIV S-10-0555 GEB DAD PS and 2:10-cv-00555 GEB DAD PS are interchangeable and the court's May 10, 2011 order was obviously valid.

[9] In light of this recommendation, the undersigned need not address defendants' remaining arguments in support of dismissal or plaintiff's motion for a stay.

while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this case given the nature of the deficiency noted above. Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendants' requests for judicial notice (Doc. Nos. 2 and 17) be granted pursuant to Federal Rule of Evidence 201;

2. Defendants' motions to dismiss (Doc. Nos. 2 and 16) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6);

3. Plaintiff's motion to stay (Doc. No. 23) be denied as moot;

4. This action be dismissed in its entirety with prejudice; and

5. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\marty3228mtd.f&rs